1  CRAIG MARGULIES (State Bar No. 185925)
2  MEGHANN TRIPLETT (State Bar No. 268005)
   **MARGULIES FAITH LLP**
3  16030 Ventura Blvd., Suite 470
   Encino California 91436
4  Telephone: (818) 705-2777
   Facsimile: (818) 705-3777
5  Email: Craig@MarguliesFaithlaw.com
   Email: Meghann@MarguliesFaithlaw.com
6
7  Attorneys for Jeremy W. Faith, Chapter 7 Trustee

8
                    **UNITED STATES BANKRUPTCY COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
                         **NORTHERN DIVISION**
10

11 | In re                                    | Case No.: 9:13-bk-10970-RR
12 | DOLORES R. TREJO,                         | Chapter: 7
13 |                              Debtor.      | Adv. No.: _____
14
15 | JEREMY W. FAITH, Chapter 7 Trustee,       | **COMPLAINT FOR (1) DECLARATORY
   |                              Plaintiff,   | RELIEF DETERMINING PROPERTY OF
16 |                                           | THE ESTATE (11U.S.C. § 541); AND (2)
   | vs.                                       | TURNOVER OF PROPERTY OF THE
17 |                                           | ESTATE (11 U.S.C. § 542)**
18 | CALIFORNIA STATE LOTTERY;
   | CALIFORNIA STATE LOTTERY                  | [11 U.S.C. §§ 541 and 542]
19 | COMMISSION; GREGORY AHERN, an
   | individual; NATHANIEL KIRTMAN III, an     | Date:   [To Be Set By Summons]
20 | individual; CONNIE M. PEREZ, an           | Time:
   | individual; JOHN SMOLIN, an individual;   | Place:  Courtroom 201
21 | PHIL TAGAMI, an individual,               |         United States Bankruptcy Court
   |                                           |         1415 State Street
22 |                              Defendants.  |         Santa Barbara, CA 93101

23

24 **TO THE HONORABLE ROBIN L. RIBLET, UNITED STATES BANKRUPTCY JUDGE:**

25     Plaintiff Jeremy W. Faith, Chapter 7 trustee (the "Trustee" or "Plaintiff") for the

26 bankruptcy estate of Dolores R. Trejo (the "Debtor") respectfully alleges as follows:

27 ///

28 ///

**JURISDICTIONAL ALLEGATIONS**

1.     This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 157(a) and 1334(b).  By virtue of 28 U.S.C. § 157(b)(2)(E), this is a core proceeding.

2.     Venue is proper in this Court under 28 U.S.C. § 1409 because this adversary proceeding arises under and in connection with a case filed under Title 11 which is pending in this district.

3.     The Bankruptcy Estate's right to recover under 11 U.S.C. § 542(a) the Lottery Winnings (defined below) held by the defendant California State Lottery ("Lottery"), by and through the defendant California State Lottery Commission, composed of five members, Gregory Ahern, Nathaniel Kirtman III, Connie M. Perez, John Smolin and Phil Tagami (collectively, the "Defendants"), requires an adversary pursuant to Federal Rule of Bankruptcy Procedure 7001.

4.     Given that the California Franchise Tax Board filed a proof of claim on August 23, 2013, there is no Eleventh Amendment immunity issue.  *See e.g.*, *In re Harleston*, 331 F.3d 699 (9th Cir. 2003) (State waived sovereign immunity by filing proof of claim).

**GENERAL ALLEGATIONS**

5.     On April 16, 2013, Dolores R. Trejo ("Debtor") commenced this case by the filing of a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

6.     Jeremy W. Faith is the duly-appointed, qualified and acting Chapter 7 Trustee in this bankruptcy case ("Trustee" and/or "Plaintiff").

7.     On Schedule B, Line 35, the Debtor scheduled "State Lottery Winning Payment to be received January 2014 in the amount of $1,224,000.00."

8.     As of the filing of the Debtor's bankruptcy petition, the Debtor has three (3) annual lottery payments remaining for the years 2014 through and including 2016, from a prize Debtor won on January 29, 1997, from the Lottery.  A copy of a letter dated

1  August 15, 2013 from the Lottery is attached hereto as **Exhibit 1** and incorporated

2  herein by reference.  The Debtor's "payments of $1,700,000 (less federal taxes and

3  deductions authorized by law) are scheduled to be paid annually on or around January

4  20th in those years." *Id.*

5        9.    On August 23, 2013,Trustee's counsel sent a letter to the Lottery, informing

6  it that "any and all future payments are property of [the Debtor's] Bankruptcy Estate and

7  must be re-directed and paid to the Trustee" and requiring a written response and

8  confirmation of the foregoing no later than August 30, 2013.  A copy of the August 23rd

9  letter is attached hereto as **Exhibit 2** and incorporated herein by reference.

10        10.    On or about September 9, 2013, Trustee's counsel received a written

11  response (dated September 6, 2013) from the Lottery.  A copy of the Lottery's letter

12  dated September 6, 2013 is attached hereto as **Exhibit 3** and incorporated herein by

13  reference.  As set forth in the September 6th letter, the Lottery states that the "Lottery is

14  unable to process [the Trustee's] request based on the documentation currently

15  provided" citing California Government Code section 8880.325, that the right to receive a

16  Lottery prize is generally not assignable.  As further provided in the letter, the Lottery

17  requires a court order as specified under Government section 8880.321 [8880.325], and

18  once a certified or confirmed copy of the court order is provided, the Lottery will comply

19  and redirect the payments to the Trustee.

20        **FIRST CLAIM FOR RELIEF**

21  **(Declaratory Relief - Lottery Payments are Property of the Estate – 11 U.S.C. § 541)**

22        11.    Plaintiff re-alleges and incorporates herein by reference the allegations in

23  Paragraphs 1 through 10, as though fully set forth herein.

24        12.    Upon the filing of a bankruptcy petition, a bankruptcy estate is created

25  which includes "all legal or equitable interests of the debtor in property as of the

26  commencement of the case." 11 U.S.C. § 541(a)(1). "By including all legal interests

27  without exception, Congress indicated its intention to include all legally recognizable

28

1   interests although they may be contingent and not subject to possession until some

2   future time." *Rau v. Ryerson (In re Ryerson)*, 739 F.2d 1423, 1425 (9th Cir. 1984).

3          13.    In addressing the issue of lottery proceeds, the courts have consistently

4   held that the future right to receive lottery payments constitutes property of the estate

5   pursuant to 11 U.S.C. § 541.  *See In re Miller*, 16 B.R. 790, 791 (Bankr. D. Md. 1982)

6   ("debtor's interest, albeit in some respects a future interest, in the lottery winnings

7   became property of the estate upon the filing of his petition for relief"); *In re Meyers*, 139

8   B.R. 858, 860 (Bankr. N.D. Ohio 1992) ("future lottery proceeds are property of the

9   estate as the debtor had a right to receive proceeds as of the commencement of that

10  case."); *In re Dalton*, 146 B.R. 460, 462 (Bankr. D. Ariz. 1992) ("all the debtors' interests

11  in the winning ticket are estate property"); *In re Koonce*, 262 B.R. 850 (Bankr. D. Nev.

12  2001) ("lottery prize payments payable after the petition was filed constitute property of

13  the estate under 11 U.S.C. § 541(a)(1)).

14         14.    Consistent with these line of cases, it is clear that the Debtor's three (3)

15  annual lottery payments remaining for the years 2014 through and including 2016

16  ("Lottery Winnings"), from a prize Debtor won on January 29, 1997, from the California

17  State Lottery are property of the Debtor's bankruptcy estate to be administered by the

18  Trustee for the benefit of the creditors and interested parties.

19         15.    The Lottery Winnings are therefore property of the estate pursuant to 11

20  U.S.C. § 541.

21                        **SECOND CLAIM FOR RELIEF**

22             **(Turnover of Property of the Estate – 11 U.S.C. § 542)**

23         16.    Plaintiff realleges and incorporates herein by reference the allegations in

24  Paragraphs 1 through 15, as though fully set forth herein.

25         17.    Section 542 provides that any entity "in possession, custody, or control,

26  during the case, of property that the trustee may use, sell, or lease under section 363 of

27  this title ... shall deliver to the trustee, and account for, such property or the value of such

28  property." 11 U.S.C. § 542(a).

18.    Defendants are in possession of property of the Estate, namely the Lottery Winnings.

19.    Pursuant to 11 U.S.C. § 542, Plaintiff, as Trustee, is entitled to turnover of the Lottery Winnings.

20.    Accordingly, the three (3) annual lottery payments remaining for the years 2014 through and including 2016, from a prize Debtor won on January 29, 1997, in the amount of $1.7 MM (less federal taxes and deductions authorized by law) are scheduled to be paid annually on or around January 20th in those years." (See para. 9, *supra*.) These payments must be re-directed to the Trustee.

**WHEREFORE,** Plaintiff prays for relief as follows:

1.    For an order finding that the Lottery Winnings are Property of the Estate pursuant to 11 U.S.C. § 541(a);

2.    For an order directing the Defendants to re-direct the Lottery Winnings to the Trustee in accordance with 11 U.S.C. § 542;

3.    For costs of suit incurred herein; and

4.    For such other and further relief as the Court deems just and proper.

## <u>RESERVATION OF RIGHTS</u>

Plaintiff reserves all of his rights to amend this Complaint as he deems necessary and appropriate, including, without limitation, adding any additional allegations, claims for relief, or prayers for relief.

DATED:  September 20, 2013                    MARGULES FAITH, LLP


By:____*/s/ Craig G. Margulies*_____
Craig G. Margulies
Meghann Triplett
Attorneys for Jeremy W. Faith,
Chapter 7 Trustee

FORM B104  (08/07)                                                                                          2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Jeremy W. Faith, Chapter 7 Trustee | CALIFORNIA STATE LOTTERY; CALIFORNIA STATE LOTTERY COMMISSION; GREGORY AHERN, an individual; NATHANIEL KIRTMAN III, an individual; CONNIE M. PEREZ, an individual; JOHN SMOLIN, an individual; PHIL TAGAMI, an individual |

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Craig G. Margulies, Esq., Meghann Triplett, Esq.<br>Margulies Faith, LLP, 16030 Ventura Blvd., Suite 470, Encino, CA 91436 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☑ Trustee | ☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☑ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
1. Declaratory Relief - Lottery Payments are Property of the Estate – 11 U.S.C. § 541; 2. Turnover of Property of the Estate – 11 U.S.C. § 542

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

[2] 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

[1] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐  Check if this case involves a substantive issue of state law | ☐  Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐  Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

FORM B104 (08/07), page 2                                                                                2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR**<br><br>Debtor R. Trejo | **BANKRUPTCY CASE NO.**<br><br>9:13-bk-10970 | |
| **DISTRICT IN WHICH CASE IS PENDING**<br><br>Central District of California | **DIVISIONAL OFFICE**<br><br>Santa Barbara | **NAME OF JUDGE**<br><br>Robin L. Riblet |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)**<br><br>/s/ Craig G. Margulies | | |
| **DATE**<br><br>9/20/13 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>Craig G. Margulies | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| CRAIG MARGULIES (State Bar No. 185925)<br>MEGHANN TRIPLETT (State Bar No. 268005)<br>MARGULIES FAITH LLP<br>16030 Ventura Blvd., Suite 470<br>Encino California 91436<br>Telephone: (818) 705-2777<br>Facsimile: (818) 705-3777<br>Email: Craig@MarguliesFaithlaw.com<br>Email: Meghann@MarguliesFaithlaw.com<br><br>*Attorney for Plaintiff* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION

| In re:<br>DOLORES R. TREJO,<br><br><br><br>Debtor(s). | CASE NO.: 9:13-bk-10970-RR<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: |
|---|---|
| JEREMY W. FAITH, Chapter 7 Trustee,<br><br><br>Plaintiff(s)<br>Versus<br>CALIFORNIA STATE LOTTERY; CALIFORNIA STATE LOTTERY COMMISSION; GREGORY AHERN, an individual; NATHANIEL KIRTMAN III, an individual; CONNIE M. PEREZ, an individual; JOHN SMOLIN, an individual; PHIL TAGAMI, an individual,<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** _____ | **Place:**<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    Page 1                          **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.1) with an attachment for additional parties if necessary (LBR form F 7016-1.1a). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
                                   Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                                   Page 2                                   **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
Date                    Printed Name                          Signature

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                              Page 3                    **F 7004-1.SUMMONS.ADV.PROC**